# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Daniel Vazquez Sanchez,**<br>*Petitioner* | §<br>§<br>§ | |
| **v.** | §<br>§ | **Case No. 1:26-cv-01058-ADA-SH** |
| **Todd Blanche** *in his official capacity as*<br>**U.S. Attorney General, et al.,**<br>*Respondents* | §<br>§<br>§<br>§ | |

## <u>ORDER</u>

Before the Court is Petitioner Daniel Vazquez Sanchez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed April 23, 2026 (Dkt. 1).[1] Petitioner invokes § 2243 and asks the Court to order Respondents Todd Blanche, Markwayne Mullin, Todd Lyons, Miguel Vergara, and Charlotte Collins to show cause as to why his Petition should not be granted. *Id.* at 6.

Section 2243 instructs:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner alleges that he is entitled to a writ because (1) he is being wrongfully detained without bond under the interpretation of the Immigration and Nationality Act's mandatory and

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025);[2] (2) his detention without legal justification and without a chance to seek redetermination of his custody status violates his rights to substantive and procedural due process guaranteed by the Fifth Amendment; and (3) he is a member of the bond-eligible class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) and *Guerrero-Orellana v. Hyde, et al*, No. 1:25-cv-12664-PBS, Dkt. 112 (D. Mass. Dec. 19, 2025). Dkt. 1 ¶¶ 20-32.

Petitioner asks the Court to declare that his detention is an unlawful exercise of authority; order Respondents to show cause within three days as to why his Petition should not be granted; and grant the writ of habeas corpus ordering Respondents to release Petitioner. *Id.* at 6-7. Petitioner also asks the Court to enjoin Respondents from transferring him outside the Western District of Texas while this case is pending. *Id.* at 6.

In accordance with § 2243, the Court **ORDERS** Respondents to show cause in writing **on or before Friday, May 1, 2026**, why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1).[3]

---

[2] This Court previously interpreted 8 U.S.C. § 1225(b)(2) not to apply to noncitizens like Petitioner who have been residing in the country for years, unlike noncitizens who have recently arrived in the United States and are actively seeking admission. *See, e.g.*, *Leiva-Claros v. Collins*, No. 1:26-CV-00091-ADA-SH, Dkt. 7 (W.D. Tex. Jan. 29, 2026), *R. & R. adopted* (W.D. Tex. Jan. 30, 2026). This interpretation has been rejected by the Fifth Circuit. *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

[3] District courts may amend the timeline laid out in § 2243 when necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). Recognizing the serious consequences of continued allegedly wrongful detention, the Court finds the timeline suggested in § 2243 equitably and prudentially appropriate.

This Magistrate Judge **ORDERS** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). This is not to be construed as a temporary restraining order but as an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2-3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**IT IS ORDERED** that the Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**SIGNED** on April 28, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3